# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DWIGHT FREEMAN,<br>Plaintiff | Case No. 1:12-cv-679 |
| | Spiegel, J. |
| vs. | Litkovitz, M.J. |
| GARY MOHR, et al.,<br>Defendants | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff Dwight Freeman is an inmate at the Ohio State Penitentiary in Youngstown, Ohio, a former inmate at the Southern Ohio Correctional Facility (SOCF), and a frequent filer in this Court. He brings this prisoner civil rights action under 42 U.S.C. § 1983 against the director of the Ohio Department of Rehabilitation and Correction, the SOCF Warden, and several SOCF employees. Plaintiff's complaint alleges that on March 11, 2011, he was beaten by several SOCF staff members "without provocation or cause." Plaintiff further alleges that SOCF staff conspired to cover up the excessive use of force and denied him medical treatment for injuries sustained during the incident. For relief, plaintiff seeks compensatory, punitive and nominative damages. He also requests that the Court grant him an injunction so that he can receive proper medical care and treatment for his injuries.

This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 1).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Freeman may not file this civil action *in forma pauperis* because he has had more than three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Freeman v. Voorhies*, Case No. 1:06-cv-622 (S.D. Ohio Oct. 19, 2006) (Doc. 12) (dismissing case for failure to state a claim and for failure to exhaust available prison administrative remedies); *Freeman v. Gee,* Case No. 1:00-cv-3148 (S.D. Ohio March 22, 2001) (Doc. 11) (dismissed for failure to state a claim upon which relief may be granted); *Freeman v. Wilkerson*, Case No. 1:96-cv-2260 (N.D. Ohio Nov. 5, 1996) (Doc. 5) (dismissing case pursuant to 28 U.S.C. § 1915(e)). *See also Freeman v. Collins*, Case No. 2:09-cv-565 (S.D. Ohio March 24, 2011) (Doc. 66) (revoking plaintiff's *in forma pauperis* status in light of plaintiff having previously accumulated three strikes). Plaintiff's previous dismissals prevent him from filing this action *in forma pauperis*.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g). Under the plain language of the statute, plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g). *See Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002); *Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*,

144 F.3d 883, 884 (5th Cir. 1998). *See also Pointer v. Wilkinson*, 502 F.3d 369, 371, n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. There is no indication that plaintiff is under "imminent danger of serious physical injury" due to the actions alleged in his complaint. Plaintiff complains about actions that occurred over one year ago at SOCF. He is now housed at a different institution and faces no threat of harm, let alone any imminent danger of serious physical injury, from any of the SOCF or ODRC defendants. As plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury, he does not meet the exception to section 1915(g).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to proceed *in forma pauperis* be **DENIED** under 28 U.S.C. § 1915(g).

2. Plaintiff be **ORDERED** to pay the $350 filing fee within **thirty (30) days**. Plaintiff's failure to pay the full filing fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/20/2012

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DWIGHT FREEMAN,
Plaintiff

vs.

GARY MOHR, et al.,
Defendants

Case No. 1:12-cv-679

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4