UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DWIGHT FREEMAN, : NO. 1:12-CV-00679
:
    Plaintiff, :
:
v. : **ORDER**
:
GARY C. MOHR, et al., :
:
    Defendants. :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 2) and Plaintiff's Objection (doc. 4), and the State of Ohio's Response (doc. 5). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects and denies Plaintiff leave to proceed in forma pauperis.

Plaintiff is currently an inmate at the Ohio State Penitentiary ("OSP") in Youngstown, Ohio, a former inmate at the Southern Ohio Correctional Facility ("SOCF"), and a frequent filer in this Court. Plaintiff alleges in his Complaint that he was beaten by several SOCF guards on March 11, 2011 "without provocation or cause" (doc. 1). Plaintiff further alleges SOCF staff conspired to cover up the excessive use of force and denied him medical care for the injuries he suffered (Id.).

Plaintiff seeks leave to proceed in forma pauperis, which the Magistrate Judge recommended the Court deny (doc. 2). The Magistrate Judge noted that Plaintiff's more than three previous dismissals prevent him from filing in forma pauperis, and that the

statutory exception regarding imminent danger of serious physical injury in 28 U.S.C. § 1915 is inapplicable as there is no indication he is facing any such danger (Id.). The Magistrate Judge indicated Plaintiff is currently housed in a different institution, and therefore he faces no threat of harm or any imminent danger of serious physical injury from any of the SOCF or Ohio Department of Rehabilitation and Correction Defendants (Id.). As such, the Magistrate Judge recommended the Court deny Plaintiff's motion for leave to proceed in forma pauperis (Id.).

Plaintiff objected to the Magistrate Judge's Report and Recommendation, citing to authority for the proposition that the imminent danger exception is determined on the basis of the conditions as of the time of the Complaint, and not some later time (doc. 4, citing Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007)). The State of Ohio responded that the Sixth Circuit has adopted the definition of "imminent danger" such that the threat or prison condition "must be real and proximate." (doc. 5, quoting Rittner v. Kinder, et al., 290 Fed. Appx. 796 (6th Cir. 2008) citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), Abudl-Akur v. McKelvie, 239 F.3d 307, 313 (3rd Cir. 2001), en banc). In the State's view, therefore, the Magistrate Judge was correct in concluding that because Plaintiff is now housed in another institution, he is not in imminent danger of serious physical injury from the named Defendants (Id.).

Having reviewed this matter, the Court is convinced the Magistrate Judge and the State of Ohio are correct that because Plaintiff is not currently at risk of any serious imminent harm, the "three strikes" provision applies such that Plaintiff may not proceed <u>in forma pauperis</u>. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 2), REJECTS the Plaintiff's Objections (doc. 4), and DENIES Plaintiff's Motion to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915(g). The Court further ORDERS Plaintiff to pay the $350 filing fee within thirty days. Plaintiff's failure to pay the full filing fee within thirty days will result in the dismissal of his action. <u>In re Alea</u>, 286 F.3d 378, 382 (6th Cir. 2002). The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3), that for the foregoing reasons any appeal of this order will not be taken in good faith. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

SO ORDERED.

Dated: October 9, 2012  /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge